UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHANGHAI DAISY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19 C 5901 |
| v. | ) | |
| | ) | |
| POSITIVENERGY, INC., | ) | Judge Thomas M. Durkin |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is plaintiff Shanghai Daisy, LLC's ("Shanghai Daisy's") motion to remand this action to the Circuit Court of Cook County, Illinois ("state court"). R. 11. For the following reasons, the Court denies Shanghai Daisy's motion.

**Background**

On June 10, 2019, Shanghai Daisy sued PositivEnergy, Inc. ("PositivEnergy") in state court for breach of contract, unjust enrichment, money had and received, and fraudulent concealment in connection with business dealings between the parties. R. 1, Ex. A. On June 18, 2019, Shanghai Daisy obtained a file-stamped summons for personal service on PositivEnergy's registered agent, Michael Bolanos (the "original summons"). But that summons expired 30 days later on July 18 before it was served. R. 16, Ex. A. Accordingly, Shanghai Daisy obtained an alias summons dated July 24, 2019 (the "alias summons"). On July 26, Mr. Bolanos was personally served with the complaint, its exhibits, and the then-expired original summons. R. 11, Ex. A. When Shanghai Daisy realized the mistake, it served Mr. Bolanos again on August 5—this

time with the alias summons. R. 2, Ex. B. Then, on September 3, PositivEnergy removed the action to federal court based on diversity of citizenship. R. 1. The case was assigned to this Court. Shanghai Daisy moved to remand the action, arguing that the removal was untimely.

## Analysis

28 U.S.C. § 1446(b) and *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) set forth the standards governing the time for removing an action to federal court. Section 1446(b) provides in relevant part that:

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]

28 U.S.C. § 1446(b)(1). The Supreme Court in *Murphy Brothers* took up the question of whether, under Section 1446(b), a defendant "must be officially summoned to appear in the action before the time to remove begins to run," or whether the 30-day removal period could start earlier, "on the named defendant's receipt, before service of official process, of a 'courtesy copy' of the filed complaint." 526 U.S. at 347. Ultimately, the Court rejected the so-called "receipt rule" under which the receipt of the complaint alone could trigger the removal period, holding that:

> [A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.

526 U.S. at 347-48, 355. The Court emphasized that the summons "function[s] as the *sine qua non* directing an individual or entity to participate in a civil action or forgo

2

procedural or substantive rights," and that, in its absence, "a court ordinarily may not exercise power over a party the complaint names as defendant." *Id.* at 350-51; *see also id.* at 347 ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, *and* brought under a court's authority, *by formal process.*" (emphasis added)). But when the summons and complaint are served together, "the 30-day period for removal runs at once." *Id.* at 354.

Here, then, the question is when formal service of summons was made. If not on July 26, then under *Murphy Brothers*, PositivEnergy's mere receipt of the complaint on that date was insufficient to trigger the 30-day removal period, and PositivEnergy's removal was timely. *See United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) ("the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint") (citing *Murphy Bros.*, 526 U.S. at 350).

Illinois state law applies to conduct that occurred while the action was in state court. *See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001) ("The federal rules . . . do not apply to filings in state court, even if the case is later removed to federal court.") (citing Fed. R. Civ. P. 81(c)). Thus, because service occurred while this action was still in state court, Illinois service rules apply. *See VYSE Gelatin Co. v. Hicks*, 2018 WL 3190812, at *1 (N.D. Ill. Jan. 5, 2018) ("Service of the summons and complaint was effectuated while this action was pending in the Circuit Court of Cook County. Accordingly, Illinois state law applies."). The use of summonses in Illinois is governed by statute and Illinois supreme court rules. *See* 735 ILCS 5/2-

201(a) (providing for the issuance of summons in civil cases, and stating that "[t]he form and substance of the summons, and of all other process, and the issuance of alias process, and the service of copies of pleadings shall be according to rules"). Illinois Supreme Court Rule 101 concerns the form and issuance of a summons, and Illinois Supreme Court Rule 102 governs the service of summons and complaint. Of relevance here, Rule 102 provides that "[n]o summons . . . may be served later than 30 days after its date." Ill. S. Ct. R. 102(b).

PositivEnergy contends that service was not proper on July 26 because the summons served upon its registered agent had expired and thus was no longer effective under Rule 102, and therefore could not trigger the removal period. The Court agrees. Read together, 28 U.S.C. § 1446(b), *Murphy Brothers* and Illinois Supreme Court Rule 102(b) make clear that PositivEnergy was not properly served for purposes of the removal statute until its registered agent received the unexpired alias summons on August 5. Only then did Shanghai Daisy comply with Rule 102, and thus only then did the state court obtain jurisdiction over PositivEnergy. *See Ligas*, 549 F.3d at 500 ("A district court may not exercise personal jurisdiction over a defendant unless the defendant has been *properly served* with process" (emphasis added)) (citing *Murphy Bros.*, 526 U.S. at 350); *see also Arch Bay Holdings, LLC— Series 2018 v. Perez*, 43 N.E.3d 562, 564 (Ill. App. Ct. 2015) ("Where a summons is invalid, service of the same is also without legal effect.") (citing *Schorsch v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 527 N.E.2d 693 (1988)). It follows that only then was

the 30-day removal period triggered. *See Murphy Bros.*, 526 U.S. at 348 (stating that a defendant's time to remove is not triggered without "formal service").

Shanghai Daisy does not dispute that the original summons served on July 26 had expired. Still, Shanghai Daisy argues that the 30-day removal period was triggered on July 26—and thus that PositivEnergy's September 3 removal was 8 days late—because PositivEnergy was served with *both* the complaint and summons on that date. R. 12 at 4 (citing *Murphy Bros.*, 526 U.S. at 348 ("Consistent with . . . *Murphy Bros.*, the timeline for Defendant to file its [removal] Notice began to run on [July 26 when] it received 'simultaneous service of the complaint and summons' ")). Shanghai Daisy contends that the fact that the summons was expired was a permissible "technical error" under Illinois Code of Civil Procedure Section 2-201(c), and no bar to proper service for this purpose. R. 12 at 4-7; R. 18 at 6-7; 735 ILCS 5/2-201(c) ("[a] court's jurisdiction is not affected by a technical error in format of a summons if the summons has been issued by a clerk of the court, the person or entity to be served is identified as a defendant on the summons, and the summons is properly served"). But the cases Shanghai Daisy cites concern noncompliance with Illinois Supreme Court Rule 101, not 102, and thus none hold that service of an expired summons is a "technical error" or otherwise triggers the removal period; in fact, none discuss removal at all. *See Ryan v. Zoning Bd. of Appeals of City of Chi.*, 116 N.E.3d 442, 449-50 (Ill. App. Ct. 2018) (reversing dismissal and holding that where summons was timely served and clearly stated elsewhere that the individual was a defendant, the fact that the summons' caption listed "*et al.*" instead of the

5

individual defendant's name as Rule 101 requires was a mere technical error under Section 2-201); *see also Charter Bank & Trust of Ill. v. Novak*, 578 N.E.2d 629, 632 (Ill. App. Ct. 1991) (affirming denial of motion to quash where summons did not contain the date, time and courtroom number for appearance as required by Rule 101). And that makes sense given Rule 102's clear proscription against late-served summonses. *See* Ill. S. Ct. R. 102(b) ("[n]o summons . . . may be served later than 30 days after its date"); *see also First Collinsville Bank v. Johnson*, 2015 IL App (5th) 140081-U, at *6 (Ill. App. Ct. 2015) (no jurisdiction over defendant, including because summons was untimely under Rule 102, and thus "not a summons at all").

Shanghai Daisy also argues that service was proper on July 26 because such service furthered the dual objectives of service as articulated by Illinois courts. Specifically: (1) to notify the defendant of pending litigation and enable him to appear and defend; and (2) to vest jurisdiction in the trying court. *Charter Bank & Trust of Ill. v. Novak*, 578 N.E.2d 629, 632 (Ill. App. Ct. 1991). But the Court cannot agree in light of *Murphy Brothers*, which, as noted, squarely held that notice of a lawsuit is not enough to vest jurisdiction and trigger Section 1446(b). *See Brown v. Lirios*, 391 Fed. Appx. 539, 541 (7th Cir. 2010) ("when service occurs after the complaint is filed, a defendant has thirty days from the date of *proper service* to remove" (emphasis added)) (citing 28 U.S.C. § 1446(b) and *Murphy Bros.,* 526 U.S. at 354). And because the original summons had expired, service on July 29 also could not vest jurisdiction over PositivEnergy. *See First Collinsville Bank*, 2015 IL App (5th) 140081-U, at *6 (untimely summons could not bestow jurisdiction over defendant). Accordingly, the

30-day removal period was not triggered until the alias summons was served on August 5, 2019 in accordance with Rule 102. PositivEnergy's September 3, 2019 removal was therefore timely, and Shanghai Daisy's motion to remand is denied.

## Conclusion

For the foregoing reasons, the Court denies Shanghai Daisy's motion to remand, R. 11.

ENTERED:

*Thomas M Durkin*

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: November 22, 2019